**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 5, 2013**

# In the Court of Appeals of Georgia

A12A1688. BANKS v. THE STATE.

RAY, Judge.

On May 11, 2009, the State filed an accusation against Kevin Eugene Banks charging him with the sale of methamphetamine. Banks entered a plea of guilty to this charge pursuant to *North Carolina v. Alford*.[1] Banks was subsequently indicted for the offenses of manufacturing methamphetamine, conspiracy to commit the manufacture of methamphetamine, possession of marijuana (less than one ounce), and two counts of possession of methamphetamine. Banks filed a plea in bar, arguing that his guilty plea and the subsequent indictment arose from the same conduct, and, accordingly, that the subsequent indictment subjected him to procedural double

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

jeopardy under OCGA § 16-1-7 (b). Banks appeals the trial court's denial of his plea in bar, and finding no error, we affirm.

"The appellate standard of review of a grant [or denial] of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion."[2]

The record shows that on February 19, 2009, the West Georgia Drug Task Force, using a confidential informant, purchased methamphetamine from Banks at 18 Bitter Sweet Lane in Newnan This event led to the State's initial accusation against Banks for sale of methamphetamine (case number 2009-R-445).

A few days prior to the events that led to the first accusation, the Coweta County Crime Suppression Unit began conducting an independent investigation of Banks at a residence on Price Road in Newnan because of complaints of smells and heavy traffic at that location. On February 17, 2009, when Banks' truck was stopped by an officer, the officer noticed items consistent with the manufacture of methamphetamine in the back of his truck. The Crime Suppression Unit instructed the officer to allow Banks to drive away, but used the observations from the stop to obtain a search warrant for a different residence on Price Road connected with Banks.

_____

[2] *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996).

On February 19, 2009, the Crime Suppression Unit was informed that Banks had sold methamphetamine from a residence on Bitter Sweet Lane earlier that day. After receiving this information, the Crime Suppression Unit served an arrest warrant for unpaid child support on Banks at Bitter Sweet Lane on the same day. While serving the arrest warrant, officers observed items used to smoke methamphetamine in plain view, and a search warrant was obtained to search the premises and the outbuildings. When executing the search warrant, officers found bottles used in the manufacture of methamphetamine in one of the outbuildings. The search warrant was issued five hours after Banks sold methamphetamine to the confidential informant, and the house was not kept under surveillance between the sale and the execution of the search warrant of unpaid child support (case number 2010-R-0243).

The sale of methamphetamine case file was received by the Coweta County District Attorney's Office from the West Georgia Drug Task Force on March 19, 2009. On May 11, 2009, the State filed an accusation in case number 2009-R-445 against Banks on the charge of sale of methamphetamine, and Banks entered a guilty plea pursuant to *Alford v. State*[3] on August 17, 2009. On September 18, 2009, the Coweta County District Attorney's Office received a second case file, arising from

---

[3] Supra.

the execution of the search warrant at Bitter Sweet Lane. Banks was indicted with charges arising from the execution of the search warrant on March 1, 2010.

In his sole enumeration of error, Banks argues that the events giving rise to his guilty plea and the subsequent indictment arose from one continuous course of conduct, and thus, subjected him to two prosecutions in violation of his constitutional and statutory right to be free from double jeopardy. Accordingly, Banks argues, the trial court erred in denying his double jeopardy plea in bar.

Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy, is codified in OCGA § 16-1-7 (b), which requires the State to prosecute crimes in a single prosecution "[i]f the several crimes arising from the conduct are known to the proper prosecuting officer *at the time of commencing the prosecution* and are within the jurisdiction of a single court."[4] Thus, OCGA § 16-1-7 (b) prohibits successive prosecutions for crimes "(1) arising from the same conduct, (2) known to the proper prosecuting officer, and (3) subject to jurisdiction in the same court."[5] For procedural double jeopardy to attach, all three prongs outlined above

---

[4](emphasis added).

[5] *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

must be satisfied.[6] This provision was "designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct."[7]

We first address whether the prosecuting attorney had knowledge of the charges arising form the execution of the search warrant at the time of Banks' plea. The Georgia Supreme Court in *Baker v. State*[8] held that OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings." "Under *Baker*, the appellant bears the burden of showing that further prosecution is barred by the previous prosecution, including 'a showing that the proper prosecuting attorney had actual knowledge of all the charges.'"[9]

The Coweta County District Attorney's Office prosecuted Banks in both cases. The district attorney's office received the case file of the sale of methamphetamine case on March 19, 2009, an accusation charging Banks with that offense was filed on

---

[6] *Wilson*, supra.

[7] (Citation and punctuation omitted.) *Dean v. State*, 309 Ga. App. 459, 460 (711 SE2d 42) (2011).

[8] (Citation and punctuation omitted; emphasis in original.) 257 Ga. 567, 569 (361 SE2d 808) (1987).

[9] (Citations and punctuation omitted.) *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990).

May 11, 2009, and Banks plead guilty to that charge on August 17, 2009. The district attorney's office did not receive the case file regarding the execution of the search warrant until September 18, 2009, after the plea hearing had already taken place.

Appellant points to the transcript of Banks' plea hearing as affirmative proof that the prosecuting attorney was aware of the events giving rise to the subsequent indictment. This transcript, a portion of which was read aloud during the plea in bar hearing,[10] however, indicates only that the prosecuting attorney had knowledge that Banks could face other charges, not that he had knowledge that the events giving rise to these other charges took place on the same day or at the same location as the sale of methamphetamine charge. The State explained that the delay in receiving this file probably was due to the district attorney's policy of not accepting a case file "without it being complete[,] including crime lab reports and things of that nature which take a little while to obtain." Accordingly, we find that "[a]t most, the evidence relied on by [Banks] shows the prosecutor's subjective knowledge of the other crimes.[11] We

---

[10] Although the State informed the trial court that it would supplement the record with the transcript of Banks' plea hearing in case number 2009-R-445, it does not appear that this was done. Accordingly, this transcript is not in the record properly before us.

[11]Further, whatever the prosecutor knew about these other pending charges, nothing in the record shows when the prosecutor learned of such facts, which is

6

therefore are compelled to uphold the trial court's denial of [Banks'] double jeopardy plea in bar on the basis that [Banks] did not affirmatively show the prosecutor actually knew of the other crimes when he prosecuted" the first offense.[12] In light of this ruling, we need not reach the issue of whether the crimes charged against Banks arose from the same conduct.[13]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

important since the statute requires that the prosecutor join all such claims known to the prosecutor at the time of commencing the prosecution. If the prosecutor learned of new charges after indictment, double jeopardy under this code section would not apply.

[12] (Citations omitted.) *Turner v. State*, 238 Ga. App. 438, 439 (518 SE2d 923) (1999) (denial of plea in bar affirmed where court rejected argument that accident report supplied actual knowledge of other crimes to prosecutor where report did not include facts supporting all crimes charged). Compare *Etienne v. State*, 298 Ga. App. 149, 150-151 (679 SE2d 375) (2009) (reversing denial of plea in bar where it was apparent from the record, including the hearing transcript on the plea in bar, the hearing transcript, and the bond document signed in magistrate court, that the prosecuting officer knew that defendant had been charged with both offenses).

[13] *Barlowe v. State*, 286 Ga. App. 133, 134, n. 6 (648 SE2d 471) (2007).