**FIRST DIVISION
BARNES, P. J.,
LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 22, 2023**

# In the Court of Appeals of Georgia

A23A1046. ABERCROMBIE v. THE STATE.

WATKINS, Judge.

Demetrius Abercrombie appeals from the denial of his statutory double jeopardy plea in bar. He argues that his guilty plea for burglary and theft precluded the State from prosecuting other offenses he allegedly committed against the same victim. For the reasons set forth below, we affirm.

We note that, "[a]t this pre-trial stage in the proceedings against [Abercrombie], the evidence has not yet been fully developed and is somewhat limited."[1] As such, we look to "the limited facts or representations that are currently available from the parties."[2] "[I]t is impossible to know at this stage in the

---

[1] *Maxwell v. State*, 311 Ga. 673, 673 n.2 (859 SE2d 58) (2021).

[2] Id. at 678 (3).

proceedings exactly how the State will prove its case, so, as the trial court did, we must consider how the State *could* prove its case at a future trial based on whatever facts may be currently available."[3]

So viewed, the State alleges that Abercrombie entered the victim's apartment in Fulton County on May 31, 2019, and committed the offenses of rape, sodomy, kidnapping, burglary, and false imprisonment. Abercrombie committed the offenses around 4:00 a.m. that morning. Upon leaving, Abercrombie said something to the effect of, "Call the cops. I'm going to be back."

The victim went to her mother's house in Covington and contacted the police there. The Covington police told her to return to Fulton County to file a report in that jurisdiction. The victim returned to her apartment and then left for the hospital around 10:00 a.m. The victim's laptop, television, washer, and dryer were still present in her apartment when she left for the hospital at 10:00 a.m. on the morning of May 31.

When the victim returned from the hospital on June 4, she realized her laptop, television, washer, and dryer were all missing. The police recovered a fingerprint from a window and matched it to Abercrombie. Abercrombie later admitted to entering the apartment through the window in order to accomplish the theft of the

---

[3] (Emphasis in original.) Id. at 679 (3) (c).

stolen items. The GBI matched Abercrombie's DNA to DNA recovered from the victim. The victim also identified Abercrombie from a photographic lineup. Abercrombie and the victim did not previously know each other, but they did live in the same apartment building.

The State indicted Abercrombie for theft by taking, based on the theft of the laptop, television, washer, and dryer; and for burglary, alleging that Abercrombie entered the victim's apartment with the intent to commit the theft. The indictment alleged that Abercrombie committed the offenses between May 31 and June 4. Abercrombie ultimately pled guilty to those charges. The State later indicted Abercrombie for rape, kidnapping, sodomy, burglary, and false imprisonment. The State alleged that Abercrombie committed these offenses on May 31. The burglary count was premised on Abercrombie entering the victim's apartment with the intent to commit rape.

Abercrombie filed a statutory double jeopardy plea in bar, arguing that his guilty plea for burglary and theft precluded the State from bringing additional charges because the second indictment encompassed the same transaction and occurrence as the first indictment. The State responded that Abercrombie left the apartment after completing the rape and related offenses, and thus his later acts of burglary and theft

constituted a separate course of conduct. The trial court denied Abercrombie's plea in bar after a hearing. This appeal followed.[4]

> On appeal from the grant or denial of a double jeopardy plea in bar, [the appellate court] review[s] the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. When the facts are undisputed, [the appellate court's] review of the trial court's application of the law to those facts is de novo. The trial court's factual findings are assessed under the standard of clear error.[5]

"[T]he defendant has the burden of proving that further prosecution is barred by the previous prosecution."[6] With these guiding principles in mind, we now turn to Abercrombie's claim of error.

Abercrombie argues that the trial court erred in denying his statutory double jeopardy plea in bar. He contends that, based on the congruence in the identity of the victim and the location of the offenses, as well as the timing of the conduct, the State had to try the offenses together. Abercrombie notes that he may have re-entered the

---

[4] The pre-trial denial of a statutory double jeopardy plea in bar is directly appealable under the collateral order doctrine. See *Roberts v. State*, 309 Ga. 639, 639-642 (1) (847 SE2d 541) (2020).

[5] (Citations and punctuation omitted.) *Maxwell*, 311 Ga. at 676 (2).

[6] Id. at 678 (2).

apartment shortly after the victim left at 10:00 a.m., and under the facts alleged in the indictments, all of the offenses could have occurred on May 31.

"Because the Georgia Code expands the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions, all questions of double jeopardy in Georgia must now be determined under OCGA §§ 16-1-6 through 16-1-8."[7] Under OCGA § 16-1-7 (b), "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution[.]" And under OCGA § 16-1-8 (b) (1),

> [a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution [r]esulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge)[.]

"In other words, a second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA §

---

[7] (Citation and punctuation omitted.) *Laghaeifar v. State*, 360 Ga. App. 843, 845 (861 SE2d 808) (2021).

5

16-1-7 (b)."[8] Thus, in order for a defendant to avail himself of this procedural double jeopardy right, then the defendant must show that the crimes: "(1) ar[ose] from the same conduct[;] (2) [were] known to the proper prosecuting officer at the time of commencing the prosecution and[;] (3) [were] within the jurisdiction of a single court[.]"[9]

Like the parties and the trial court below, we focus on the first prong here — whether the crimes arose from the same conduct.

> In order to determine whether offenses occurred as a result of the same conduct to constitute procedural double jeopardy, the crimes, inter alia, must arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action; additionally, if it is necessary to present evidence of the one crime in order to prove the other, then the State must prosecute those charges at the same time.[10]

In this case, there was a sufficient "break in the action" such that the offenses alleged in the two indictments did not arise from the same conduct. At the very least, Abercrombie left the apartment after allegedly raping the victim. Additionally,

---

[8] (Citation and punctuation omitted.) *Maxwell*, 311 Ga. at 677 (2).

[9] (Citation and punctuation omitted.) *Laghaeifar*, 360 Ga. App. at 847 (a) (ii).

[10] (Citations and punctuation omitted.) *Maxwell*, 311 Ga. at 679 (3) (c).

according to the limited facts represented by the parties, the victim also went to her mother's house in Covington and returned to her apartment in Fulton County before going to the hospital at 10:00 a.m. During that period of time, Abercrombie had not stolen the items from the victim's apartment. Accordingly, the crimes did not constitute a continuing course of conduct "in the sense of one specific transaction or unbroken sequence of events[.]"[11]

Finally, "the State can establish each set of offenses without proving the other."[12] While investigators did recover a fingerprint likely left behind as a result of the theft, the State does not need to show that Abercrombie committed the theft to prove the rape and related offenses. The DNA match from samples taken from the

---

[11] (Citation and punctuation omitted.) *Laghaeifar*, 360 Ga. App. at 848 (a) (ii). See *Maxwell*, 311 Ga. at 679 (3) (c) (weapon possession offenses committed "some time" after a shooting earlier that day could be proven by a separate course of conduct); *Jackson v. State*, 336 Ga. App. 140, 144 (2) (784 SE2d 7) (2016) (a "break in the action" occurred after the defendant assaulted the victim then fled the scene, and then was discovered trespassing "close in time" that same day at the same apartment complex); *Johns v. State*, 319 Ga. App. 718, 720 (738 SE2d 304) (2013) (criminal trespass followed by a DUI near the residence constituted separate transactions); cf. *Dean v. State*, 309 Ga. App. 459, 460 (711 SE2d 42) (2011) (numerous traffic offenses committed during a single continuous drive arose out of the same course of conduct).

[12] (Citation and punctuation omitted.) *Daniels v. State*, 355 Ga. App. 134, 136-137 (843 SE2d 18) (2020).

victim and the victim's identification of Abercrombie as the perpetrator would be sufficient to prove the allegations in the second indictment. And while the State may attempt to introduce evidence of the theft at the rape trial, that evidence is not necessary for conviction.[13]

Thus, at least at this stage of the proceedings, the trial court did not err in denying Abercrombie's plea in bar.

*Judgment affirmed. Barnes, P. J., and Land, J., concur.*

---

[13] See id. at 137 (noting that while the State may introduce evidence of one crime at a later trial of another does not mean the State *needs* to do so); see also *Maxwell*, 311 Ga. at 680-681 (3) (c).