NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the
# Supreme Court of Georgia

No. S26A0478
Darnell Rene Floyd
v.
The State

On Appeal from the Superior Court of Newton County
No. SUCR2024000866

Decided: June 16, 2026

LAND, Justice.

Darnell Floyd appeals the trial court's denial of his plea in bar, which challenged his reindictment for charges of felony murder predicated on felon in possession of a firearm, felon in possession of a firearm (hereinafter felon in possession), and possession of a firearm during the commission of a felony (the "reindictment").[1] Floyd argues that the reindictment violates procedural double jeopardy because he was not originally indicted for felony murder predicated on felon in possession and his original indictment did not put him on notice that he might later be charged and tried for that crime. Floyd also argues that the State is collaterally estopped from reindicting and trying him for the reindicted

---

[1] In 2024, this Court reversed Floyd's prior convictions for these charges. See *Floyd v. State*, 318 Ga. 312, 324 (2024). On September 6, 2024, a Newton County Grand Jury then reindicted Floyd, , and he filed a plea in bar on November 6, 2024, and amended that plea in bar on March 5, 2025. The trial court denied the plea in bar as amended on May 2, 2025. On May 5, 2025, Floyd filed a notice of appeal, and this case was docketed to the term of this Court beginning in December 2025.

charges because the jury necessarily decided that he acted in self-defense when it acquitted him of other charges in his first trial, a finding that would be an absolute defense to the charges brought in his second indictment. For the reasons that follow, we affirm.

1. *Background*

(a) Floyd was previously indicted and tried on charges including malice murder, felony murder predicated on both attempted armed robbery and aggravated assault, attempted armed robbery, aggravated assault, possession of a firearm during the commission of a felony, and felon in possession (the "first indictment"). *Floyd v. State*, 318 Ga. 312, 312 n.1 (2024) ("*Floyd I*"). Floyd's sole defense at trial was self-defense, and he argued that he shot the victim, Telmo Ortiz, because he saw Ortiz "pulling out his gun and lunging at [him]" as Floyd left his vehicle.[2] Id. at 314. Floyd was a convicted felon and had firearms in his vehicle and on his person before the fatal encounter with Ortiz. Id. at 313–14.

Although the first indictment did not charge Floyd with felony murder predicated on felon in possession, the trial court charged the jury on this offense after the State requested this charge on the first day of trial, and he was therefore prosecuted for this crime as well. Id. at 318–19. The jury found Floyd not guilty of malice murder, the felony murder charges as indicted, attempted armed robbery, aggravated assault, and other charges unrelated to this appeal. Id. at 312 n.1. He was convicted, however, of felony murder predicated on felon in possession, felon in

---

[2] The facts underlying Floyd's first trial are set forth in greater detail in *Floyd I*, 318 Ga. at 312-18.

possession, possession of a firearm during the commission of a felony, and other charges unrelated to this appeal. Id.

(b) Floyd appealed the trial court's denial of his motion for new trial, and we reversed his convictions for felony murder based on felon in possession, felon in possession, and possession of a firearm during the commission of a felony based on his trial counsel's ineffective assistance in failing to pursue a self-defense theory as to those offenses at trial. We explained that OCGA § 16-11-138

> provides that "[d]efense of self or others, as contemplated by and provided for under Article 2 of Chapter 3 of this title, shall be an absolute defense" to various statutes criminalizing the carrying and possession of firearms in specified ways, including prohibiting the possession of firearms by a convicted felon.

*Floyd I*, 318 Ga. at 318. Floyd's trial counsel failed to request a jury instruction on OCGA § 16-11-138 and acknowledged at the motion for new trial hearing that he was unfamiliar with the statute at the time of the trial. Id. at 319. He also affirmatively argued before the jury that "self-defense did not apply to the felon-in-possession count," although he did argue that "self-defense applied to felony murder predicated on attempted armed robbery and aggravated assault." Id.

In *Floyd I*, during the morning of the second full day of its deliberations, the jury sent out the following note:

> Can [Appellant], as a convicted fellon [sic] with a weapon, be justified to use a weapon (gun) to defend himself if he fears for his life?

> In the eyes of Georgia law what has presidence [sic]:

3

- self defense (at all costs)

- fellon [sic] in possession of a weapon defending himself

*Floyd I*, 318 Ga. at 319. The trial court and trial counsel responded to this note as follows:

> During a brief discussion with the parties, the trial court indicated its understanding of the note as asking "can a felon grab a gun and shoot somebody in self-defense and does the self-defense still apply in that situation," and that the answer to that question was "yes." With the parties' agreement, the trial court wrote under the first question, "Yes if he reasonably fears for his life." The trial court then told the parties that in response to the second question posed, he wrote, "That is an issue for you to decide." Trial counsel responded "correct" and stated he had no objection to the answer as given.

Id. at 319. In concluding that Floyd's trial counsel was deficient under *Strickland v. Washington*, 466 US 668 (1984), we reasoned that "no reasonable attorney would have agreed with the trial court's response to the jury's second question, which at best was a non-answer, and at worst, authorized the jury to convict on felony murder based on felon-in-possession even if it believed [Floyd]'s claim of self-defense." Id. at 322.

In concluding that Floyd was prejudiced under *Strickland*, we observed that Floyd "testified that he acted in self-defense, self-defense was the only defense proffered, and the jury acquitted him of the other offenses arising out of the shooting of Ortiz for which self-defense was asserted — malice murder, felony murder

4

based on aggravated assault, and aggravated assault." *Floyd I*, 318 Ga. at 323. We also observed that the jury note indicated that the jury was considering Floyd's theory of self-defense as applied to his felon in possession and felony murder charges and may have been confused by the trial court's handling of its questions concerning this issue. Id. Accordingly, we reversed Floyd's convictions for felony murder and felon in possession. Id. at 324. And because we reversed the felony murder conviction, "the only conviction supporting the conviction for … possession of a firearm during the commission of a felony," we reversed that conviction as well. Id.

We noted, however, that because the evidence was legally sufficient to support these convictions, Floyd could be retried on "felony murder predicated on felon-in-possession as well as for possession of a firearm during the commission of a felony." *Floyd I*, 318 Ga. at 324. We expressed "no opinion" as to whether Floyd could be reindicted for those charges. Id. at 324 n.16.

### 2. *Analysis*

Floyd argues that the trial court erred in denying his plea in bar because procedural double jeopardy bars his reindictment and collateral estoppel bars retrial on all three counts. "On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion." *Maxwell v. State*, 311 Ga. 673, 676 (2021). "In reviewing a trial court's ruling on a motion for plea in bar, where the evidence is uncontroverted and no question is presented regarding the credibility of witnesses, we review de novo the trial court's application of the law to the undisputed facts." *Medina v. State*, 309 Ga. 432, 436 (2020).

(a) Floyd first argues that the trial court erred in denying his plea in bar because the reindictment for felony murder predicated on felon in possession is barred by procedural double jeopardy. We disagree.

"The United States and Georgia Constitutions both prohibit the government from placing a defendant 'in jeopardy' more than once for the same offense." *Medina v. State*, 309 Ga. 432, 434 (2020). "The doctrine of double jeopardy has two components: the 'procedural' bar on double jeopardy, which places limitations on multiple prosecutions for crimes arising from the same conduct, and the 'substantive' bar, which protects against multiple convictions or punishments for such crimes." *Williams v. State*, 307 Ga. 778, 779 (2020) (citations and quotations omitted).

Floyd raises arguments under both the Georgia and United States Constitutions. Because Georgia law "extend[s] the Double Jeopardy proscription beyond that provided for in the United States and Georgia Constitutions," however, all "questions of Double Jeopardy in Georgia must be determined under OCGA §§ 16–1–6, 16–1–8 and 16–1–7." *Prater v. State*, 273 Ga. 477, 480 (2001). Under Georgia law, "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." OCGA § 16-1-7(b). And, under OCGA § 16-1-8(b)(1), a subsequent prosecution is barred if the first prosecution

> [r]esulted in either a conviction or an acquittal and the subsequent prosecution … is for a crime with which the accused should have been charged on the former prosecution … or is for a crime which involves the same conduct, unless each prosecution re-

6

quires proof of a fact not required on the other prosecution.

"In other words, a second prosecution is barred under OCGA § 16-1-8(b)(1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7(b)." *Maxwell v. State*, 311 Ga. 673, 677 (2021) (cleaned up). A prosecution is not barred, however, if "[s]ubsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." OCGA § 16-1-8(d)(2).

These statutes do not bar the reindictment and prosecution of Floyd, and his claim that procedural double jeopardy bars his retrial therefore fails. First, OCGA §§ 16-1-7(b) and 16-1-8(b)(1) do not aid Floyd's position because he was in fact prosecuted and tried in his first trial for the offenses that are the subject of the reindictment. The felony murder charge predicated on felon-in-possession may not have been part of his original indictment, but it was part of that prosecution. As noted above, the jury was given a jury instruction on this offense after the State requested it on the first day of trial, and Floyd was in fact prosecuted and convicted for it. Thus, OCGA §§ 16-1-7(b) and 16-1-8(b)(1) have no application and do not prohibit Floyd's prosecution pursuant to the reindictment.

Second, OCGA § 16-1-8(d)(2) is dispositive of the issue before us and controls that issue adversely to Floyd. Under that code section, a prosecution is not barred where a prior conviction is reversed, "unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." Here, Floyd was not "adjudged not guilty" of the charges

7

that are the subject of the reindictment, and there was no "finding that the evidence did not authorize the verdict." In fact, we determined the opposite in *Floyd I*. See *Floyd I*, 318 Ga. at 324 ("Because, as discussed in Division 1 above, the evidence was legally sufficient to support the jury's guilty verdicts, the State may retry Appellant for felony murder predicated on felon-in-possession as well as for possession of a firearm during the commission of a felony."). Thus, Floyd may be reindicted and re-prosecuted for those offenses, and the trial court properly denied his plea in bar. See *Prater*, 273 Ga. at 480-81 ("Generally speaking, re-prosecution is not barred under the Georgia Code if an initial conviction is reversed on appeal, unless there is a finding on appeal that the evidence did not authorize the verdict.").[3]

(b) Next, Floyd argues that the trial court erred in denying his plea in bar because the State is collaterally estopped from prosecuting him for felony murder predicated on felon in possession, felon in possession, and possession of a firearm during the commission of a felony. Specifically, relying on this Court's decision in *Roesser v. State*, 294 Ga. 295 (2013), Floyd argues that his acquittal for malice murder and related charges in his first trial indicated that the jury necessarily decided that he was acting in self-defense. For the reasons that follow, we disagree.

"No person, the Double Jeopardy Clause states, shall be 'subject for the same offense to be twice put in jeopardy of life or

---

[3] Although Floyd argues that he may not be reindicted for possession of a firearm during the commission of a felony, he does not provide any argument in support of this position. In Floyd's first indictment, he was indicted for possession of a firearm during the commission of a felony, the underlying felony being the "[m]urder" of Ortiz. We see no reason under procedural double jeopardy principles why he may not be reindicted for possession of a firearm during the commission of felony, with the underlying felony being the felony murder as charged.

8

limb.'" *Bravo-Fernandez v. United States*, 580 US 5, 9 (2016). Thus, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager v. United States*, 557 US 110, 119 (2009). To determine what a jury has "necessarily decided … courts should 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" Id. at 119–20 (citation omitted).

In *Roesser v. State*, 294 Ga. 295 (2013), this Court held that the defendant could not be retried for voluntary manslaughter after he was acquitted of malice murder, felony murder, and aggravated assault but the jury could not reach a verdict on voluntary manslaughter. This Court observed that "[f]rom the attorneys' opening statements through the jury's verdict, the issue presented to the jury was whether [the defendant] had acted in self-defense." Id. at 298. This Court also noted that the jury submitted a note during its deliberations indicating that it was focused on self-defense. Id. Based on these facts, this Court determined that the defendant could not be retried on voluntary manslaughter because the jury "necessarily decided" that the defendant acted in self-defense in reaching its verdict of acquittal on the other charges.[4] Id. at 300.

---

[4] As discussed below, although we conclude that *Roesser* is distinguishable from this case, some of us question the holding in *Roesser*. In that case, there was no affirmative finding by the jury that the defendant acted in self-defense, and without such a finding it seems speculative for us to conclude that that is what the jury "necessarily decided." The State has not asked us to overrule or reconsider *Roesser*, and given the fact that it is distinguishable, we have no reason to do so in this case.

*Roesser* is distinguishable from the instant case, however, because the outcome in *Floyd I* did not involve a hung jury on any count. Rather the jury returned a verdict on all counts, including a guilty verdict on the relevant charges that are now set forth in the reindictment. As the United States Supreme Court has explained, and as we have held in Division 2(a), "when a conviction is overturned on appeal, the general rule is that the Double Jeopardy Clause does not bar reprosecution." *Bravo-Fernandez*, 580 US at 18 (cleaned up). Instead,

> the ordinary consequence of vacatur, if the Government so elects, is a new trial shorn of the error that infected the first trial. This "continuing jeopardy" rule neither gives effect to the vacated judgment nor offends double jeopardy principles. Rather, it reflects the reality that the "criminal proceedings against an accused have not run their full course." And by permitting a new trial post vacatur, the continuing-jeopardy rule serves both society's and criminal defendants' interests in the fair administration of justice.

Id. (cleaned up). See also *Burks v. United States*, 437 US 1, 9 (1978) ("It is elementary in our law that a person can be tried a second time for an offense when his prior conviction for that same offense has been set aside by his appeal."). "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *Burks*, 437 US at 15.

And in cases, like here, where a jury returns potentially conflicting verdicts, a defendant cannot meet his burden of demonstrating that the jury necessarily decided an issue in his

favor "where the trial yielded incompatible jury verdicts on the issue the defendant seeks to insulate from relitigation." *Bravo-Fernandez*, 580 US at 19. The jury's decision to convict the defendant of a count is evidence that it did not resolve an issue in the defendant's favor. Id. at 19–20. Juries may reach potentially conflicting verdicts for many reasons, including "mistake, compromise, or lenity."[5] Id. at 22.

Here, we cannot say that the jury in Floyd's first trial "necessarily decided" that Floyd acted in self-defense in killing Ortiz. It is possible that the jury may have acted in compromise or in lenity in acquitting Floyd of some charges and convicting him of others. Our determination in *Floyd I* that there was a "reasonable probability" that, but for counsel's deficient performance, the outcome of Floyd's trial would have been different does not mean that the outcome of his trial certainly would have been different or that the jury necessarily decided that he acted in self-defense. Moreover, the evidence in *Floyd I* showed that Floyd had firearms in his possession prior to his encounter with Ortiz, which

---

[5] Floyd argues that he cannot be retried on any of the charges for which he was convicted in *Floyd I* because a conviction on those charges would be repugnant to his acquittals in *Floyd I*. This argument is meritless. Repugnant verdicts occur when, "in order to find the defendant not guilty on one count and guilty on another, the jury must make *affirmative* findings shown on the record that cannot logically or legally exist at the same time." *McElrath v. State*, 308 Ga. 104, 111 (2020) (emphasis in original). The jury in *Floyd I* did not make affirmative findings on the issue of self-defense, and as discussed above, its verdict in that case (consisting of some guilty verdicts and some not guilty verdicts) can be explained by mistake, compromise, or lenity. We just don't know what led the jury to return those verdicts, and under these circumstances the secrecy of jury deliberations does not permit us to look behind the curtain to find out. See OCGA § 24-6-606 ("[A] juror shall not testify by affidavit or otherwise nor shall a juror's statements be received in evidence as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon the jury deliberations.").

11

may have provided the jury with reason to reject Floyd's self-defense claim as to the felon in possession charge. Accordingly, we see no reason to deviate from our holding in *Floyd I* that Floyd may be retried for the charges underlying the convictions that we reversed in that case. 318 Ga. at 324.

 *Judgment affirmed. All the Justices concur.*